**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MICHAEL JAMES ROBERTS, SR.,          No. 2:11-CV-0373-CMK

          Plaintiff,

    vs.                                                            MEMORANDUM OPINION AND ORDER

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

                              /

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial

review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).  Pending

before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-

motion for summary judgment (Doc. 21).

/ / /

/ / /

/ / /

# I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on March 7, 2007.  In the application, plaintiff claims that disability began on June 1, 2006.  Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on August 18, 2008, before Administrative Law Judge ("ALJ") Sandra K. Rogers.   In a February 17, 2009, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

> 1.    The claimant has the following severe impairments: osteoarthritis of the left ankle and left knee; chronic right shoulder pain;
>
> 2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3.    The claimant has the residual functional capacity to perform unskilled sedentary exertional work with no overhead reaching with the right upper extremity; and
>
> 4.    Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, jobs exist in significant numbers in the national economy that plaintiff can perform.

After the Appeals Council declined review on December 20, 2010, this appeal followed.


# II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the

1    Commissioner's decision simply by isolating a specific quantum of supporting evidence.  <u>See</u>

2    <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

3    administrative findings, or if there is conflicting evidence supporting a particular finding, the

4    finding of the Commissioner is conclusive.  <u>See</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th

5    Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation,

6    one of which supports the Commissioner's decision, the decision must be affirmed, <u>see</u> <u>Thomas</u>

7    <u>v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

8    standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338

9    (9th Cir. 1988).

10

11                                    **III.  DISCUSSION**

12          In his motion for summary judgment, plaintiff argues: (1) the ALJ erred at step

13   two in failing to find plaintiff's mental impairment to be severe; (2) the ALJ erred by rejecting

14   lay witness testimony without providing germane reasons for doing so; (3) the ALJ erred by

15   failing to provide clear and convincing reasons for rejecting plaintiff's testimony as not credible;

16   (4) the ALJ erred in relying on the vocational expert's testimony at step five; and (5) the Appeals

17   Council erred in failing to remand this matter after receipt of new evidence showing more severe

18   limitations than those determined by the ALJ.

19          In order to be entitled to benefits, the plaintiff must have an impairment severe

20   enough to significantly limit the physical or mental ability to do basic work activities.  <u>See</u> 20

21   C.F.R. §§ 404.1520(c), 416.920(c).  In determining whether a claimant's alleged impairment is

22   sufficiently severe to limit the ability to work, the Commissioner must consider the combined

23   effect of all impairments on the ability to function, without regard to whether each impairment

24   alone would be sufficiently severe.  <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1289-90 (9th Cir.

25   1996); <u>see also</u> 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923.  An impairment,

26   or combination of impairments, can only be found to be non-severe if the evidence establishes a

1  slight abnormality that has no more than a minimal effect on an individual's ability to work.  See

2  Social Security Ruling ("SSR") 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.

3  1988) (adopting SSR 85-28).  The plaintiff has the burden of establishing the severity of the

4  impairment by providing medical evidence consisting of signs, symptoms, and laboratory

5  findings.  See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone

6  is insufficient.  See id.

7          In arguing that the ALJ erred at step two by failing to find his mental impairment

8  to be severe, plaintiff also argues that the ALJ rejected the opinions of Drs. Castillo and Kalman

9  without providing sufficient reasons for doing so.  The weight given to medical opinions

10  depends in part on whether they are proffered by treating, examining, or non-examining

11  professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more

12  weight is given to the opinion of a treating professional, who has a greater opportunity to know

13  and observe the patient as an individual, than the opinion of a non-treating professional.  See id.;

14  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th

15  Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer

16  v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

17          In addition to considering its source, to evaluate whether the Commissioner

18  properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are

19  in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an

20  uncontradicted opinion of a treating or examining medical professional only for "clear and

21  convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.

22  While a treating professional's opinion generally is accorded superior weight, if it is contradicted

23  by an examining professional's opinion which is supported by different independent clinical

24  findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,

25  1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be

26  rejected only for "specific and legitimate" reasons supported by substantial evidence.  See

1   Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough

2   summary of the facts and conflicting clinical evidence, states her interpretation of the evidence,

3   and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent

4   specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or

5   examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining

6   professional, without other evidence, is insufficient to reject the opinion of a treating or

7   examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to

8   any conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d

9   1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported

10  opinion); see also Magallanes, 881 F.2d at 751.

11              As to Dr. Castillo, plaintiff argues that the ALJ erred by failing to even consider

12  the doctor's opinion, which differs from the ALJ's residual functional capacity finding.  The

13  record reflects that agency examining psychiatrist, Manolito Castillo, M.D., conducted a

14  psychiatric evaluation of plaintiff on December 3, 2007, at the request of the agency.  The doctor

15  recorded the following general information:

16          . . . The claimant is a 40-year-old, single male with 4 children from a past
            relationship.  He currently resides with his aunt in Manteca.  The claimant
17          arrived on time for this appointment, accompanied by his aunt who drove
            him here today. The claimant was used as the historian.  The claimant's
18          native language is English.

19  As to plaintiff's subjective complaints and history, Dr. Castillo noted:

20          The chief complaints are: hepatitis C, arthritis, a bad shoulder, and chronic
            depression.  The claimant reports that his stepfather physically abused him
21          when he was young.  Also, at that time, he was picked on by other
            children as he used to be obese.  He then later started abusing illicit
22          substances, and this made his depression worse.  In 2002, while he was
            under the influence of a substance, he contemplated killing himself by
23          walking in front of a train.  He shared these thoughts with a person, and
            this led to his psychiatric hospitalization.  Presently, he has been clean and
24          sober for at least a year.  Despite this, he continues to feel depressed,
            mostly due to his poor health.  He mentioned being diagnosed with
25          hepatitis C 12 years ago.  Recently, his viral count increased to more than
            a million.  This is now compromising his liver and his health in general.
26          He mentioned having flu-like symptoms daily.  He also tends to oversleep.

1
2
3
4
5
6
7

> His body also aches, and he tends to have cold sweats.  He has difficulty
> concentrating as he tends to develop "brain fog."  In addition to this, he
> also suffers from right shoulder pain caused by an injury he obtained
> while playing football when he was a teenager.  He also has a history of
> left knee injury several years ago from a motorcycle accident.  He broke
> his left ankle several years ago as well when he was involved in a fight
> while he was in jail.  All of these injuries are causing him severe pain.
> When I explored his psychiatric illness further, he still experiences
> nightmares of his past abuse; however, his sleep has improved since he
> was started on amitriptyline.  He still has a poor energy level and appetite.
> He also has difficulty concentrating and remembering things.  Due to
> these reasons, the claimant decided to apply for disability.

8   Based on his evaluation, Dr. Castillo diagnosed major depressive disorder with polysubstance

9   dependence in sustained remission.  The doctor opined that plaintiff has moderate limitation in

10   his ability to understand instructions; a slight limitation in his ability to complete simple tasks;

11   moderate limitation in his ability to complete detailed tasks; moderate limitation in his ability to

12   complete complex tasks; and moderate limitation in his ability to concentrate for at least two-

13   hour increments at a time.  A review of the hearing decision reflects that the ALJ did not discuss

14   Dr. Castillo's report in any way.  As plaintiff notes, defendant ignores this argument in his brief.

15        As discussed above, a contradicted opinion of an examining professional may be

16   rejected only for "specific and legitimate" reasons supported by substantial evidence.  See

17   Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough

18   summary of the facts and conflicting clinical evidence, states her interpretation of the evidence,

19   and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  In this

20   case, Dr. Castillo's assessed moderate limitations are not included in the ALJ's residual

21   functional capacity finding and are, therefore, necessarily contradicted by the evidence relied

22   upon by the ALJ which did not note such limitations.  Further, the hearing decision clearly

23   reflects that the ALJ failed to state any reasons whatsoever for rejecting the moderate limitations

24   found by Dr. Castillo, an examining professional.  The ALJ did not summarize Dr. Castillo's

25   opinion in the context of the other evidence of record, or set forth any reasons – let alone specific

26   and legitimate reasons – for rejecting the doctor's assessed moderate limitations.

1    Because the ALJ committed reversible error by failing to discuss the reasons for

2 rejecting the moderate limitations assessed by examining psychiatrist Dr. Castillo, a remand is

3 required and it is not necessary to address plaintiff's remaining arguments.

4

5                              **IV.  CONCLUSION**

6    For the foregoing reasons, this matter will be remanded under sentence four of 42

7 U.S.C. § 405(g) for further development of the record and/or further findings addressing the

8 deficiencies noted above.

9    Accordingly, IT IS HEREBY ORDERED that:

10         1.    Plaintiff's motion for summary judgment (Doc. 16) is granted;

11         2.    The Commissioner's cross motion for summary judgment (Doc. 21) is

12 denied;

13         3.    This matter is remanded for further proceedings consistent with this order;

14 and

15         4.    The Clerk of the Court is directed to enter judgment and close this file.

16

17  DATED:  September 26, 2012

18                                    _____

19                                    **CRAIG M. KELLISON**
                                     UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

                                      7